IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SARA TAYLOR,

    Plaintiff,

    v.

BRUCE FINK, D.D.S., P.C.,

    Defendant.

CIVIL ACTION FILE
NO. 1:25-CV-3099-TWT

**OPINION & ORDER**

This is an action under the Telephone Consumer Protection Act ("TCPA"). It is before the Court on the Defendant Bruce Fink, D.D.S., P.C.'s Motion to Dismiss [Doc. 7]. For the following reasons, the Defendant's Motion to Dismiss [Doc. 7] is DENIED.

### I. Background[1]

The Plaintiff Sara Taylor brought this action under the TCPA based on a voicemail message and text messages she alleges the Defendant sent her soliciting dental services, despite the fact that her phone number is registered on the National Do Not Call Registry. (Compl. ¶¶ 19-31). The messages address someone named "Missie," although that is not the Plaintiff's name, and indicate that the Plaintiff's phone number was given to the Defendant in response to an inquiry about scheduling a consultation for dental implants. (*Id.*

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

¶¶ 26-32). The Plaintiff never had a business relationship with the Defendant, was not looking for dental services, and did not give express written consent to the Defendant to solicit her via her phone number. (*Id.* ¶¶ 33-34). The Plaintiff alleges that, as a result of the messages, "she suffered an invasion of privacy, an intrusion into her life, and a private nuisance." (*Id.* ¶ 35).

## II. Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only

give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

In its Motion to Dismiss, the Defendant argues that the Plaintiff's phone number was given by an individual identified as Missie Gosset in the course of filling out the Defendant's online dental implant questionnaire. (Def.'s Mot. to Dismiss, at 1-2). The Defendant attached an affidavit of Michael Curran, an employee of Apex Dental Solutions, LLC ("Apex"), which is a dental advertising firm. (*Id.* at 6). In his affidavit, Curran avers that the Defendant hired Apex to provide advertising for the Defendant's dental implant services. (*Id.*). Curran further avers that, when an individual submits the dental implant questionnaire, the individual authorizes communication from Apex via phone, email, or text. (*Id.* at 7). Curran attached a dental implant questionnaire that he received from Missie Gossett giving the Plaintiff's phone number. (*Id.* at 8). On the basis of this affidavit and supporting evidence, the Defendant argues that the Plaintiff fails to state a claim under the TCPA because she initiated or established a business relationship with the Defendant or authorized communications, citing 47 C.F.R. § 64.1200. (*Id.* at 2-3).

In response, the Plaintiff first contends that it would be improper to rely on evidence outside of the pleadings in the current procedural posture and, if

the Court were to convert this motion to one for summary judgment, the Plaintiff must first be given notice and an opportunity to present her own evidence. (Pl.'s Resp. in Opp'n to Mot. to Dismiss, at 1-3). The Plaintiff also disputes the authenticity of the purported consent document, asserting that she never clicked on an Apex advertisement or provided her phone number. (*Id.* at 3, 5-6). Second, the Plaintiff argues that whether or not she consented is an affirmative defense rather than an element of her TCPA claim, so she has no obligation to plead around it. (*Id.* at 3-4). Third, the Plaintiff contends that the Defendant has not alleged that she provided him with "prior express written consent" to contact her in compliance with the TCPA because the purported consent does not mention the Defendant. (*Id.* at 5-8).[2]

The TCPA prohibits telephone solicitations to residential telephone subscribers who have listed their number on the National Do Not Call Registry and provides a cause of action against any individual or entity that makes such calls or on whose behalf such calls are made. 47 C.F.R. § 64.1200(c)(2). An exception to this prohibition exists where the individual or entity "has obtained the subscriber's prior express invitation or permission." 47 C.F.R. § 64.1200(c)(2)(ii). Express invitation or permission "must be evidenced by a

---

[2] The Plaintiff also responds to the Defendant's arguments regarding the propriety of class certification under Fed R. Civ. P. 23. Because the Defendant's Motion ultimately fails on the merits for the reasons explained below, its request to dismiss the class allegations on the same basis likewise fails.

4

signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." *Id.*

As an initial matter, the Court agrees with the Plaintiff that it cannot consider the Defendant's affidavit and questionnaire evidence in this procedural posture. A court may consider a document not attached to a complaint when ruling on a motion to dismiss under the incorporation by reference doctrine, provided two requirements are met: the document must be (1) central to the plaintiff's claim, and (2) undisputed. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). While the evidence here is arguably central to the Plaintiff's claim, the Plaintiff has disputed it, and for good reason. Viewing things in the light most favorable to the Plaintiff, the Defendant's evidence demonstrates an inquiry given by someone named Missie Gossett to Apex. (Def.'s Mot. to Dismiss, at 8). The Defendant's name does not appear on the document at all, and the Plaintiff does not identify as Missie Gossett. (*Id.*; see also Pl.'s Resp. in Opp'n to Mot. to Dismiss, at 5-6). Thus, this is not a case where the exception to the incorporation by reference doctrine applies. And because this case is still in the early stages, the Court declines to convert this Motion to one for summary judgment. The Court is not convinced, however, that the Defendant's evidence would constitute "express invitation or permission" even if the Court considered it, given the absence of either party's

5

name. *See* 47 C.F.R. § 64.1200(c)(2)(ii).

On the pleadings, the Defendant has not carried its burden of demonstrating that dismissal is warranted under Rule 12(b)(6). The Defendant's entire argument for dismissal is predicated on its insistence that the Plaintiff consented to being contacted. (*See* Def.'s Mot. to Dismiss, at 2-3). However, the Plaintiff has alleged that she did not consent to any contact and, as the Defendant offers nothing more than its assertions to the contrary, the Court must accept the Plaintiff's version of the facts. *See Quality Foods de Centro Am., S.A.*, 711 F.2d at 994-95. Moreover, as the Plaintiff correctly notes, express consent (or lack thereof) is not an element of a TCPA claim, so her assertion that she did not give consent is sufficient at this stage. *See Etzel v. Hooters of Am.*, LLC, 223 F.Supp.3d 1306, 1316 n.15 (N. D. Ga. 2016). For all of these reasons, the Defendant's Motion to Dismiss [Doc. 7] will be denied.

### IV. Conclusion

For the foregoing reasons, the Defendant Bruce Fink, D.D.S., P.C.'s Motion to Dismiss [Doc. 7] is DENIED.

SO ORDERED, this ___3rd___ day of February, 2026.

THOMAS W. THRASH, JR.
United States District Judge